UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KENNETH LERNARD MINGO, #183842,

    Plaintiff,

                                      File No.  5:06-CV-33

v.

                                      HON. ROBERT HOLMES BELL

STATE OF MICHIGAN,

    Defendant.
_____/

**MEMORANDUM OPINION AND ORDER**
**<u>ADOPTING THE REPORT AND RECOMMENDATION</u>**

      This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. (Dkt. No. 1, Pet. for Writ of Habeas Corpus.)  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation ("R&R"), recommending that this Court deny the petition. (Dkt. No. 22.)  This matter is presently before the Court on Petitioner Kenneth Lernard Mingo's objections to the R&R that were filed on June 4, 2007.  (Dkt. No. 25.)  For the reasons that follow, Petitioner's objections are denied and the R&R is adopted as the opinion of the Court.

      This Court reviews *de novo* those portions of an R&R to which specific objections are made.  28 U.S.C. § 636(b)(1);  Fed. R. Civ. P. 72(b).  "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed.  The objections must be clear enough to enable the

district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Petitioner's objections consist primarily of a recitation of the facts that were before the Magistrate Judge. Petitioner does not purport to identify any specific errors in the facts as set forth in the R&R, with one exception. Petitioner contends that the transcript of the October 30, 2003, hearing at which he pleaded guilty contains an error. Petitioner alleges that the comment that Petitioner's counsel was "the best I've seen" was not made by him, but by the state court judge. The section of the transcript states:

> THE COURT:          Are you satisfied with the advice of your attorney?
>
> THE DEFENDANT:  I don't know which direction to go.
>
> THE COURT:          Pardon?
>
> THE DEFENDANT:  I'm just disturbed about the direction to go, but I guess I am satisfied.
>
> THE COURT:          Well, for whatever it's worth, I think she's a very good attorney.
>
> THE DEFENDANT:  Probably the best I've seen.
>
> THE COURT:          You understand, and you understand what we're doing here. If you have any questions you stop and I'll try and explain them to you. Okay? And

                                                           you - - nobody wants to force you to do anything you don't want to do. You understand that, sir?

        THE DEFENDANT:        Yes, sir.

(Dkt. No. 16, Oct. 30, 2003 Plea Hr'g Tr. 6:4-19.) The transcript is clear that the state court judge commented on Petitioner's counsel and then Petitioner commented on Petitioner's counsel. Petitioner contends that the transcript is incorrect, but has made no contention that the transcript has been altered and has offered no evidence to support a contention that the transcript has been altered or is otherwise inaccurate. Moreover, the court reporter certified the transcript of the plea hearing as "a true, full and correct" transcript of the plea hearing. (Plea Hr'g Tr. 19:5-19.) The record is devoid of any evidence suggesting that Petitioner did not say his counsel was "Probably the best I've seen" at his plea hearing, thus the section of the Magistrate Judge's analysis that relied upon that statement by Defendant had a proper evidentiary basis. The R&R is correct as to Defendant's statement.

        Throughout the remainder of his objections Petitioner does not suggest how the facts he recites would alter the legal analysis. The Court has carefully reviewed Petitioner's objections in consideration of the liberal reading generally given pro se pleadings and has not identified any new facts that would alter the legal analysis set forth in the R&R. Additionally, the Court finds that the facts recited by Petitioner in his objections are not materially distinguishable from the facts that were before the Magistrate Judge or the facts that are set forth in the R&R.

        Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections (Dkt. No. 25) to the Report and Recommendation (Dkt. No. 22) are **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Dkt. No. 22) is **APPROVED and ADOPTED** in its entirety as the opinion of the Court.

A judgment will be entered consistent with this memorandum opinion.

Date:   November 7, 2007            /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE